IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STANLEY GATEWOOD, | § | |
| | § | No. 562, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1407022963 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: December 31, 2015
Decided: February 29, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices

## **ORDER**

This 29th day of February 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Stanley Gatewood, filed this appeal from the Superior Court's denial of his motion for credit for time served.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Gatewood's opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that Gatewood pled guilty on May 11, 2015 to Possession of a Firearm by a Person Prohibited ("PFPP"), Receiving a

Stolen Firearm, and Conspiracy in the Second Degree. After a presentence investigation, the Superior Court sentenced Gatewood, effective October 13, 2014, to serve a total period of twenty years at Level V incarceration, to be suspended after serving ten years in prison for decreasing levels of supervision. On September 21, 2015, Gatewood filed a motion seeking credit for time served, requesting that the effective date of his sentence be changed from October 13, 2014 to July 22, 2014. The Superior Court denied Gatewood's motion on the ground that the time he spent incarcerated from July 22 to October 13 was credited to a VOP sentence entered by a different judge in a different criminal action number (Cr. ID No. 1102019377). Gatewood appeals that ruling.

(3) Having carefully considered the parties' respective positions, we find no merit to Gatewood's appeal. The Superior Court gave credit for the time that Gatewood spent in prison from July 22, 2014 to October 13, 2014 toward the VOP sentence imposed in Cr. ID No. 1102019377. Under 11 *Del. C.* § 3901(d),[1] the Superior Court, as a matter of law, could not order Gatewood's 2014 sentence for PFPP to run concurrently with any other

---

[1] 11 *Del. C.* §3901(d) provides in relevant part that "no sentence of confinement … shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant for … any sentence for possession of a firearm by a person prohibited where the criminal defendant was previously convicted of a Title 11 violent felony [as defined in § 4201(c)]."

sentence because Gatewood previously had been convicted of a prior violent felony under 11 *Del. C.* § 4201(c).[2] Gatewood is not entitled to double credit for the time he spent in custody serving his VOP sentence in Cr. ID No. 1102019377.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] In fact, Gatewood had two prior violent felony convictions. He had been convicted of PFPP in Cr. ID No. 1102019377, and he had been convicted of Distribution of a Controlled Substance Within 300 Feet of a Church in Cr. ID No. 0902001354. Both of these offenses are identified as violent felonies under 11 *Del. C.* § 4201(c).